## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MAYRA CABELLO, individually and on behalf of all others similarly situated, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| *vs.* | §<br>§ | Civil Action No. 5:21-cv-1281 |
| PERSOLVE LEGAL GROUP LLP; UNITED STATES FIRE INSURANCE COMPANY, and DOES 1 to 10, | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

---

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, TEXAS DEBT COLLECTION ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA UNFAIR COMPETITION LAW, AND DEMAND FOR JURY TRIAL

---

Plaintiff, MAYRA CABELLO ("CABELLO"), individually and on behalf of all others similarly situated, by way of Complaint against Defendants, PERSOLVE LEGAL GROUP LLP ("PERSOLVE"), UNITED STATES FIRE INSURANCE COMPANY ("USFICO"), and DOES 1 to 10 ("DOES"), states:

### I.      NATURE OF THE ACTION

1.      Plaintiff, individually and on behalf of the class she seeks to represent, and demanding a trial by jury, against Defendants who used unfair, unconscionable, false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from her and other similarly situated consumers. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392, *et seq*., Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788, *et seq*., and California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

2.     The FDCPA regulates the behavior of collection agencies who attempt to collect debts asserted to be owed or due another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

4.     To prohibit deceptive and unfair practices, the FDCPA, at 15 U.S.C. § 1692c, governs how debt collectors may communicate with consumers. Among these *per se* violations are communicating with consumers without the consumer's prior consent given directly to the debt collector or the express permission of a court of competent jurisdiction, if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, 15 U.S.C. § 1692c(a)(2).

5.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: making false representations concerning the character,

amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); making false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, 15 U.S.C. § 1692e(8); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6.     To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Among these *per se* violations are: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1).

7.     To govern legal actions filed by debt collectors, the FDCPA at 15 U.S.C. § 1692i, requires that a debt collector who brings any legal action on a debt against any consumer shall only bring the action in the judicial district or similar legal entity in which such consumer either: *(i)* signed the contract sued upon; or *(ii)* resides at the commencement of the action, 15 U.S.C. § 1692i(a)(2).

8.     The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices when collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and deceptive practices Acts).

9.     This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

10.     The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civ. Code § 1788.1. The California legislature has further determined there is a need to ensure debt collectors exercise their responsibility with fairness, honesty, and due regard for a debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts and practices. *Id.*

11.     The RFDCPA is a remedial statute that should be broadly interpreted to effectuate its purpose. *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th 324, 340. In addition to its other requirements and prohibitions, the RFDCPA requires debt collectors to comply with the provisions of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* (Civ. Code, § 1788.17), both of which are "strict liability" statutes. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006).

12.     To prohibit deceptive practices, the RFDCPA, at Cal. Civ. Code § 1788.13, outlaws the use of false, deceptive, and misleading collection letters and names a list of certain *per se* violations of false and deceptive collection conduct. Cal. Civ. Code § 1788.13(a)-(l). Among these *per se* violations are: using any communication with a debtor in the name of an attorney or counselor at law or upon stationery or like written instruments bearing the name of the attorney or counselor at law, unless such communication is by an attorney or counselor at law

or shall have been approved or authorized by such attorney or counselor at law, Cal. Civ. Code § 1788.13(c); making false representations that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Cal. Civ. Code § 1788.13(e); making false representations regarding the true nature of the business or services being rendered by the debt collecto, Cal. Civ. Code § 1788.13(f); and making false representations of the true nature of the business or services being rendered by the debt collector, Cal. Civ. Code § 1788.13(i).

13.     To prohibit deceptive and unfair practices, the RFDCPA, at Cal. Civ. Code § 1788.14, also governs the means by which debt collectors may communicate with consumers and the amounts they may lawfully collect. Among these *per se* violations are: collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law, Cal. Civ. Code § 1788.14(b); and communicating with the debtor with regard to a consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, Cal. Civ. Code § 1788.14(c).

14.     To prohibit deceptive practices involving the simulation of legal process, the RFDCPA, at Cal. Civ. Code § 1788.16, prohibits a debt collector, creditor, or an attorney, from sending a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a governmental agency or attorney when it is not.

15.     The RFDCPA also requires that, notwithstanding any of its other provisions, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

16.     Plaintiff's claims involve money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions and, therefore, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17.     When enacting the Unfair Practices Act, the California Legislature determined such laws are necessary to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair, dishonest, deceptive, destructive, fraudulent, and discriminatory practices by which fair and honest competition is destroyed or prevented. Cal. Bus. & Prof. Code § 17001.

18.     Any person who, either as director, officer or agent of any firm or corporation or as agent of any person, violating the UCL, assists or aids, directly or indirectly, in such violation is responsible therefor equally with the person, firm or corporation for which he acts. Cal. Bus. & Prof. Code § 17095.

19.     The remedies or penalties provided by the UCL are cumulative to each other and to the remedies or penalties available under all other laws unless a statute expressly provides to the contrary. Cal. Bus. & Prof. Code § 17205.

20.     Plaintiff, on behalf of herself and others similarly situated, seeks statutory damages, injunctive relief, attorney fees, costs, and all other equitable or legal relief this Court deems appropriate under the FDCPA, TDCA, and other common law or statutory regimes.

## II.    PARTIES

21.    CABELLO is a natural person.

22.    At all times relevant to this Complaint, CABELLO was a citizen of, and resided in Eagle Pass, Maverick County, Texas.

23.    PERSOLVE is a limited liability partnership organized under Delaware law.

24.    PERSOLVE maintains its principal place of business at 9301 Corbin Avenue, Suite 1600, Northridge, California.

25.    USFICO is an Delaware corporation operating as an unlicensed casualty and surety company within the State of Texas.

26.    On information and belief, USFICO maintains its principal business address at 305 Madison Avenue, Morristown, New Jersey 07962.

27.    USFICO may be served with process via its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

28.    Texas Finance Code § 392.101(a) provides "[a] third-party debt collector…may not engage in debt collection unless the third-party debt collector… has obtained a surety bond issued by a surety company authorized to do business in Texas."

29.    Texas Finance Code § 392.101(b)(1) provides that "[t]he third-party debt collector's surety bond must be in favor of any person who is damaged by a violation of [Texas Finance Code § 392, *et seq*.]."

30.    Texas Finance Code § 392.102 provides that "[a] person who claims against a bond for violation of [Texas Finance Code § 392, *et seq*.] may maintain an action against the third-party debt collector…and against the surety."

31.    USFICO issued PERSOLVE a bond in favor of all persons damaged by PERSOLVE's TDCA violations.

32.     Plaintiff, and the putative class members she seeks to represent, have been, and continue to be, damaged by PERSOLVE's TDCA violations and, therefore, she is claiming against the bond USFICO issued to PERSOLVE.

33.     USFICO is liable to Plaintiff to the full extent of PERSOLVE's liability up to the $10,000.00 limit of its bond

34.     DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

35.     DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw PERSOLVE's violative policies and procedures used by its employees that are the subject of this Complaint. DOES personally control, and engaged in, the illegal acts, policies, and practices used by PERSOLVE and, thus, personally liable for all wrongdoing alleged in this Complaint.

### III.     JURISDICTION AND VENUE

36.     This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

37.     Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

38.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because the named Defendants regularly transacts business within this federal judicial district and, therefore, reside in this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

## IV.     FACTUAL ALLEGATIONS

39.     Each Defendant is regularly engaged in the collection of debts.

40.     PERSOLVE's business is acquiring portfolios of defaulted consumer debts from third parties for pennies on the dollar and liquidating it for a profit.

41.     PERSOLVE undertakes to liquidate the defaulted consumer debts it purchases by sending letters and making telephone calls to consumers.

42.     PERSOLVE also liquidates its portfolio of defaulted consumer debts by filing lawsuits against consumers who owe or allegedly owe the debts.

43.     PERSOLVE has filed hundreds of collection lawsuits against Texas consumers in courts located throughout the State of Texas.

44.     PERSOLVE is a business whose principal purpose is the collection of defaulted consumer debts.

45.     In attempting to defaulted collect debts, PERSOLVE regularly uses instruments of interstate commerce, including the mails, telephone, and internet.

46.     PERSOLVE also regularly collects or attempts to collect, directly or indirectly, defaulted consumer debts owed to others.

47.     PERSOLVE uses the mail, telephone, internet, and other instruments of interstate commerce when attempting to collect defaulted consumer debts owed to others.

48.     PERSOLVE has an active $10,000 surety bond filed with the Texas Secretary of State, which is a precondition for it to engage in third-party debt collection in Texas.

49.     With respect to the debts relevant to this class action, all Defendants acted in concert for the purpose of generating revenue from acquiring and then attempting to collect consumer debts which have been charged-off and sold by the original creditor.

50. In attempting to collect the debts relevant to this class action, Defendants filed debt collection actions against numerous consumers that resulted default judgments.

51. PERSOLVE's business model relies on most consumers it sues to ignore the lawsuit filed against them so PERSOLVE may obtain a default judgment and then pursue post-judgment remedies against the consumer to collect the debt.

52. CABELLO allegedly incurred a financial obligation to Compass Bank for personal, family, or household purposes ("the Debt").

53. After CABELLO defaulted on the Debt, Compass Bank charged it off and then sold the defaulted Debt to PERSOLVE as part of a larger portfolio of defaulted debts.

54. On June 25, 2021, PERSOLVE filed a lawsuit against CABELLO to collect the Debt in Cause No. 41DC2103598, the Justice Court, Precinct 4 of Bexar County, Texas ("Collection Lawsuit").

55. A true copy of the Complained PERSOLVE filed in the Collection Lawsuit is attached hereto as *Exhibit A* ("Collection Complaint").

56. At all times relevant to this action, CABELLO resided in Eagle Pass, Maverick County, Texas.

57. PERSOLVE listed CABELLO's address of 939 Callejon Albores, Eagle Pass, Texas 78852 in its Collection Complaint.

58. PERSOLVE served CABELLO with the Collection Complaint at her address of 939 Callejon Albores, Eagle Pass, Texas 78852.

59. CABELLO's residence is more than 150 miles from the Justice Court in which PERSOLVE filed its Collection Lawsuit.

60. CABELLO was forced to incur substantial time and expense finding and hiring a lawyer in Bexar County as a direct result of PERSOLVE's Collection Lawsuit because she could

not reasonably defend herself in a court located more than 150 miles from her home.

61. PERSOLVE's Collection Complaint makes false statements of fact including, but not limited to, that it is the "successor in interest to Compass Bank," that its address is 850 Elm Grove Road, Suite 20, Elm Grove, Wisconsin 53122-2527, and the amount of the Debt.

62. November 29, 2021, CABELLO's attorney filed an Answer subject to a Motion to Transfer Venue and served it on PERSOLVE's counsel, Frank Harber, who is also PERSOLVE's employee.

63. A true copy of CABELLO's Answer is attached hereto as *Exhibit B*.

64. On November 30, 2021, PERSOLVE filed a Motion for Default Judgment and served it personally on CABELLO as attested to by one of PERSOLVE's non-lawyer employees, Michael Navarro, who purports to be Frank Harber's Legal Assistant.

65. A true copy of PERSOLVE's Motion for Default Judgment is attached hereto as *Exhibit C*.

66. PERSOLVE served CABELLO with its Motion for Default Judgment at her address of 939 Callejon Albores, Eagle Pass, Texas 78852.

67. PERSOLVE personally served a copy of its Motion for Default Judgment on CABELLO even though it knew she was represented by an attorney with respect to the Debt and had personal knowledge of, and could readily ascertain, her attorney's name and address.

68. CABELLO did not provide PERSOLVE or its attorney with consent to communicate with her in connection with its Collection Lawsuit.

69. CABELLO's attorney did not provide PERSOLVE or its attorney with consent to communicate with CABELLO in connection with its Collection Lawsuit.

70. PERSOLVE has not transferred its Collection Lawsuit to the correct venue.

71. PERSOLVE has a history of suing Texas residents in the wrong venue and

attempting to secure default judgments.

72.     As to the parties and the Debt, the Justice Court, Precinct 4 of Bexar County, Texas is not CABELLO's 15 U.S.C. § 1692i "district."

73.     CABELLO was not, and has never been, a resident of Precinct 4 of Bexar County, Texas at the time PERSOLVE filed its Collection Lawsuit was filed.

74.     CABELLO has never signed a contract with Compass Bank in Precinct 4 of Bexar County, Texas.

75.     The relevant "judicial district or similar legal entity" is the smallest geographic unit relevant for venue purposes in the court system in which the case was filed, regardless of the source of the venue rules. *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014); *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 123-24 (2d Cir. 2011). Venue must be laid in the state judicial unit that has jurisdiction over the claim, if that unit is smaller than a county. *Nichols v. Byrd*, 435 F.Supp.2d 1101 (D. Nev. 2006).

76.     On January 23, 2018, the United State District Court for the Western District of Texas opined that it was persuaded by the analysis and adopted the reasoning in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 643 (7th Cir. 2014) (*en banc*), cert denied, 757 F.3d 636 (2014), holding that "the relevant judicial district or similar legal entity is the smallest geographic area relevant to venue in the court system in which the case is filed." *See McKay v. Scott & Associates, P.C. and Midland Funding, LLC*, A-17-CV-00383-SS, (W.D. Tex. Jan. 23, 2018).

77.     PERSOLVE's foregoing acts and omissions were undertaken by its officers, agents, and employees, who were at all relevant times acting within the scope of their employment and at PERSOLVE's direction.

78.     PERSOLVE's foregoing acts and omissions were undertaken willfully, intentionally, knowingly, and/or in gross disregard for CABELLO's rights.

79.    PERSOLVE's foregoing acts and omissions were undertaken in accordance with its routine policies and practices as directed by its officers.

80.    PERSOLVE violated Tex. R. Civ. P. 502.4(b) and Tex. Civ. Prac. & Rem. Code § 15.092(c).

81.    PERSOLVE's non-lawyer employees created the Collection Complaint (*Exhibit A*) by merging information specific to CABELLO's debt with a template to create what is commonly referred to as a "template document."

82.    PERSOLVE's non-lawyer employees created its Motion for Default Judgment (*Exhibit C*) by merging information specific to CABELLO's debt with a template to create what is commonly referred to as a "template document."

83.    PERSOLVE's non-lawyer employees filed the Collection Complaint and caused it to be personally served on CABELLO.

84.    PERSOLVE's non-lawyer employees created and filed the same template Collection Complaint with respect to more than 40 Texas consumers using a Texas address to collect a debt.

85.    PERSOLVE's non-lawyer employees caused the same template Collection Complaint to be personally served on more than 40 Texas consumers with a Texas address to collect debts.

86.    PERSOLVE's template Collection Complaint is false, deceptive, and misleading because it was drafted, prepared, filed, and served by its non-attorney debt collectors without any meaningful review, involvement, or authorization by a licensed attorney prior to filing.

87.    After being served with the Collection Complaint, CABELLO reasonably inferred, as would a least sophisticated consumer, that the creditor was more aggressively proceeding as the creditor incurred the expense of hiring a licensed attorney who was personally

involved with the review and collection of the Debt and made a reasoned and professional judgment that it was appropriate to file the Collection Lawsuit and where to file it.

88.    The Collection Complaint did not disclose that PERSOLVE was representing itself in the action through one of its employees, Frank Harber, who holds a Texas law license.

89.    Frank Harber lives and works in Texas, not Wisconsin.

90.    CABELLO is informed and believes, and on that basis alleges, that PERSOLVE has a policy and practice of filing and serving consumers with computer-generated, mass-produced, Collection Complaints—in the form of *Exhibit A*—that falsely imply a licensed attorney engaged in meaningful review or involvement regarding the particular circumstances of the consumer's debt prior to creating, filing, and serving the Collection Complaint.

91.    PERSOLVE's non-lawyer employees filed its Motion for Default Judgment and caused it to be personally served on CABELLO.

92.    PERSOLVE's non-lawyer employees created and filed the same template Motion for Default Judgment with respect to more than 40 Texas consumers using a Texas address to collect a debt.

93.    PERSOLVE's non-lawyer employees have caused the same template Motion for Default Judgment to be personally served on more than 40 Texas consumers with a Texas address to collect debts.

94.    PERSOLVE's template Motion for Default Judgment is false, deceptive, and misleading because it was drafted, prepared, filed, and served by its non-attorney debt collectors without any meaningful review, involvement, or authorization by a licensed attorney prior to filing or service.

95.    After being served with PERSOLVE's Motion for Default Judgment, CABELLO reasonably inferred, as would a least sophisticated consumer, that a licensed attorney who was

personally involved with the review and collection of the Debt and made a reasoned and professional judgment that it was appropriate to file its Motion for Default Judgment.

96.     PERSOLVE is not a "law firm" in any meaningful sense of the word.

97.     PERSOLVE is, in a sense, a factory staffed with non-lawyer employees who make decisions without meaningful involvement by licensed attorneys about consumers' debts or circumstances including PERSOLVE's creation, filing, and serving of Collection Complaints, Motions for Default Judgment, and other documents filed with courts and sent to consumers for the purpose of collecting debts.

98.     PERSOLVE's template Collection Complaint falsely represents and implies that a licensed attorney was directly and/or personally involved in reviewing the particular circumstances regarding CABELLO's file, account, loan and/or records prior to the Collection Complaint being filed and served.

99.     PERSOLVE's template Collection Complaint seeks to collect attorney's fees and other amounts incidental to the principal obligation that is neither permitted by law or contract.

100.     PERSOLVE's template Motion for Default Judgment falsely represents and implies that a licensed attorney was directly and/or personally involved in reviewing the particular circumstances regarding CABELLO's file, account, loan and/or records prior to the Motion for Default Judgment being filed and served.

101.     PERSOLVE's template Motion for Default Judgment seeks to collect attorney's fees and other amounts incidental to the principal obligation to which it is neither permitted to collect by law or contract.

102.     PERSOLVE and its officers, directors, partners, and owners directly authorized, created, instituted, implemented, and controlled the violative policies and procedures used by the other Defendants that are the subject of this class action.

## V.    CLASS ALLEGATIONS

103.    Plaintiff brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

104.    Subject to discovery and further investigation which may cause CABELLO to modify the class definition to be more or less inclusive, she defines the "Collection Complaint Class" to include:

> All natural persons with a Texas address who PERSOLVE named as a defendant in a Collection Complaint, in the form of ***Exhibit A***, that was filed between December 27, 2019 and December 27, 2021.

CABELLO also defines a "Collection Complaint Subclass" to include:

> Each person who is a Collection Complaint Class member but whose Collection Complaint, in the form of ***Exhibit A***, was filed between December 27, 2020 and December 27, 2021.

105.    The Collection Complaint Class and Subclass excludes each person who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) obtained a discharge in bankruptcy, (c) commenced an action in any court against Defendants alleging a violation of the FDCPA, TDCA, or RFDCPA based on a template Collection Complaint, or (d) signed a general release of claims against PERSOLVE. The Class also excludes CABELLO's counsel, or an employee or family member of her counsel.

106.    Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth), CABELLO may, in addition to moving for class certification using modified definitions of the Collection Complaint Class and Claims, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

107.    The identity of each Collection Complaint Class member is readily ascertainable from PERSOLVE's records and the records of the entities who sold PERSOLVE the defaulted accounts it was collecting and/or on whose behalf PERSOLVE sought to collect debts.

108.     Subject to discovery and further investigation which may cause CABELLO to modify the class definition to be more or less inclusive, she also defines a "Default Motion Class" to include:

> All natural persons with a Texas address against whom PERSOLVE filed a Motion for Default Judgment in the form of ***Exhibit C***, between December 27, 2019 and December 27, 2021.

CABELLO also defines a "Default Motion Subclass" to include:

> Each person who is a Default Motion Class member but whose Motion for Default Judgment, in the form of ***Exhibit C***, was filed between December 27, 2020 and December 27, 2021.

109.     The Default Motion Class and Subclass excludes each person who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) obtained a discharge in bankruptcy, (c) commenced an action in any court against Defendants alleging a violation of the FDCPA, TDCA, or RFDCPA based on a template Motion for Default Judgment, or (d) signed a general release of claims against PERSOLVE. The Class also excludes CABELLO's counsel, or an employee or family member of her counsel.

110.     Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth), CABELLO may, in addition to moving for class certification using modified definitions of the Default Motion Class and Claims, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

111.     The identity of each Default Motion Class member is readily ascertainable from PERSOLVE's records and the records of the entities who sold PERSOLVE the defaulted accounts it was collecting and/or on whose behalf PERSOLVE sought to collect debts.

112.     This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

112.01. ***Numerosity***. The Collection Complaint Class and Subclass members are so numerous and geographically disbursed that joinder of all members is impractical. On information and belief, there are at least 40 such Class and Subclass members.

112.02. ***Numerosity***. The Default Motion Class and Subclass members are so numerous and geographically disbursed that joinder of all members is impractical. On information and belief, there are at least 40 such Class and Subclass members.

112.03. ***Commonality***. Common questions of law and fact exist as to all Collection Complaint Class and Subclass members, the principal issues are: whether Defendants' conduct, as described above, was the same or substantially similar with respect to Defendants' attempts to collect debts from the Plaintiff and Class members; and whether such conduct violated the FDCPA, RFDCPA, and TDCA.

112.04. ***Commonality***. Common questions of law and fact exist as to all Default Motion Class and Subclass members, the principal issues are: whether Defendants' conduct, as described above, was the same or substantially similar with respect to Defendants' attempts to collect debts from the Plaintiff and Class members; and whether such conduct violated the FDCPA, RFDCPA, and TDCA

112.05. ***Typicality***. Plaintiff's claims are typical of Collection Complaint Class and Subclass members' claims because the claims arise from Defendants' standardized course of conduct as set forth in the *Factual Allegations*.

112.06. **_Typicality_**. Plaintiff's claims are typical of Default Motion Class and Subclass members' claims because the claims arise from Defendants' standardized course of conduct as set forth in the _Factual Allegations_.

112.07. **_Adequacy_**. Plaintiff will fairly and adequately protect Class members' interests because Plaintiff's interests are not averse to the absent class members and because she is committed to vigorously litigating this matter. Plaintiff retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

113. This action may be maintained under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to all Class members predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The individual joinder of all Class members is impracticable, class action treatment will permit a large number of similarly situated persons to efficiently prosecute their common claims in a single forum without unnecessary duplication of effort and expense that individual actions engender, an important public interest is served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

## VI.     COUNT ONE: VIOLATION OF THE FDCPA

114. The Factual Allegations are incorporated by reference.

115. PERSOLVE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

116. The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

117. CABELLO is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

118. The Collection Complaint is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

119.     PERSOLVE's Motion for Default Judgment is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

120.     Defendants violated the FDCPA with respect to Plaintiff and the Default Motion Subclass members.

121.     Such FDCPA violations with respect to *Exhibit A* includes, but is not limited to:

121.01.   Using false, deceptive, and misleading representations and means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

121.02.   Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

121.03.   Falsely representing the services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B);

121.04.   Falsely representing or implying that any communication is from an attorney in violation of 15 U.S.C § 1692e(3);

121.05.   Threatening to take any action that cannot legally be taken in violation of 15 U.S.C § 1692(5);

121.06.   Using false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

121.07.   Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f;

121.08.   Collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C.

§ 1692f(1); and

121.09.  Failing to state the amount of debt in violation of 15 U.S.C. § 1692g(a)(1).

122.    Defendants violated the FDCPA with respect to Plaintiff and the Default Motion Subclass members.

123.    Such FDCPA violations with respect to ***Exhibit C*** includes, but is not limited to:

123.01.  Using false, deceptive, and misleading representations and means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

123.02.  Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

123.03.  Falsely representing the services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B);

123.04.  Falsely representing or implying that any communication is from an attorney in violation of 15 U.S.C § 1692e(3);

123.05.  Threatening to take any action that cannot legally be taken in violation of 15 U.S.C § 1692(5);

123.06.  Using false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

123.07.  Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f; and

123.08.  Collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C.

§ 1692f(1).

124.    Defendants also violated the FDCPA with respect to CABELLO by:

124.01.    Directly communicating with her knowing she represented by an attorney with respect to the Debt and despite its having knowledge of, and the ability to readily ascertain, her attorney's name and address, in violation of 15 U.S.C. § 1692c(a)(2);

124.02.    Using an unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included filing suit in violation of Tex. R. Civ. P. 502.4(b) and Tex. Civ. Prac. & Rem. Code § 15.092(c), in violation of 15 U.S.C. § 1692f; and

124.03.    Filing the Collection Lawsuit in the Debt, the Justice Court, Precinct 4 of Bexar County, Texas which is not CABELLO's 15 U.S.C. § 1692i "district," in violation of 15 U.S.C. § 1692i(a)(2).

125.    The Defendants' illegal conduct invaded CABELLO's rights which are protected by the FDCPA, the invasion of which caused her injury-in-fact.

126.    Based on a single violation of the FDCPA, Defendants are each liable to CABELLO and, if this case is maintained as a class action under Fed. R. Civ. P. 23, to the Class for such relief as allowed under 15 U.S.C. § 1692k.

## VII.    COUNT TWO: VIOLATION OF THE TDCA

127.    The Factual Allegations are incorporated by reference.

128.    PERSOLVE is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

129.    PERSOLVE is a "debt collector" within the meaning of Tex. Fin. Code § 392.001(5).

130. PERSOLVE is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

131. The Debt is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

132. CABELLO is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

133. Defendants violated the TDCA with respect to CABELLO and the Collection Complaint Class members.

134. Such TDCA violations with respect to *Exhibit A* includes, but is not limited to:

134.01. Collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation that is not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer, in violation of Tex. Fin. Code 392.303(a)(2)

134.02. Using a written communication that fails to indicate clearly the name of the debt collector and the debt collector's street address or post office box and telephone number, in violation of Tex. Fin. Code 392.304(a)(6);

134.03. Using a written communication that demands a response to a place other than the debt collector's or creditor's street address or post office box, in violation of Tex. Fin. Code 392.304(a)(5)(A);

134.04. Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding, in violation of Tex. Fin. Code § 392.304(a)(8);

134.05. Representing that a consumer debt may be increased by the addition of attorney's fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges, in violation of Tex. Fin. Code § 392.304(a)(12);

134.06. Representing that a consumer debt will definitely be increased by the addition of attorney's fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges, in violation of Tex. Fin. Code § 392.304(a)(13);

134.07. Representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business, in violation of Tex. Fin. Code. 392.304(a)(14)

134.08. Using a communication that purports to be from an attorney or law firm when it is not, in violation of Tex. Fin. Code. 392.304(a)(16);

134.09. representing that a consumer debt is being collected by an attorney if it is not, Tex. Fin. Code. 392.304(a)(17); and

134.10. Using a false representation or deceptive means to collect a debt in violation of Tex. Fin. Code § 392.304(a)(19).

135. Defendants violated the TDCA with respect to CABELLO and the Collection Complaint Class members

136. Such TDCA violations with respect to *Exhibit C* includes, but is not limited to:

136.01. Collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation that is not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer, in violation of Tex. Fin. Code 392.303(a)(2)

136.02. Using a written communication that fails to indicate clearly the name of the debt collector and the debt collector's street address or post office box and telephone number, in violation of Tex. Fin. Code 392.304(a)(6);

136.03. Using a written communication that demands a response to a place other

than the debt collector's or creditor's street address or post office box, in violation of Tex. Fin. Code 392.304(a)(5)(A);

136.04.  Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding, in violation of Tex. Fin. Code § 392.304(a)(8);

136.05.  Representing that a consumer debt may be increased by the addition of attorney's fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges, in violation of Tex. Fin. Code § 392.304(a)(12);

136.06.  Representing that a consumer debt will definitely be increased by the addition of attorney's fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges, in violation of Tex. Fin. Code § 392.304(a)(13);

136.07.  Representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business, in violation of Tex. Fin. Code. 392.304(a)(14)

136.08.  Using a communication that purports to be from an attorney or law firm when it is not, in violation of Tex. Fin. Code. 392.304(a)(16);

136.09.  representing that a consumer debt is being collected by an attorney if it is not, Tex. Fin. Code. 392.304(a)(17); and

136.10.  Using a false representation or deceptive means to collect a debt in violation of Tex. Fin. Code § 392.304(a)(19).

137.  Defendants also violated the FDCPA with respect to CABELLO by:

137.01.  Representing or threatening to represent to any person other than the

consumer that a consumer is wilfully refusing to pay a nondisputed

consumer debt when the debt is in dispute and the consumer has notified

in writing the debt collector of the dispute, in violation of Tex. Fin. Code

§ 392.301(a)(3);

137.02.   Threatening to take an action prohibited by law, in violation of Tex. Fin.

Code § 392.301(a)(8); and

137.03.   Using a false representation or deceptive means to collect a debt in

violation of Tex. Fin. Code § 392.304(a)(19).

138.   The Defendants' illegal conduct invaded Plaintiff's rights which are protected by

the TDCA, the invasion of which caused injury-in-fact.

## VIII.   COUNT THREE: VIOLATION OF THE RFDCPA

139.   The Factual Allegations are incorporated by reference.

140.   PERSOLVE is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

141.   The Debt is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

142.   Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

143.   The Debt arises from a "consumer credit transaction" as defined by Cal. Civ.

Code § 1788.2(e).

144.   PERSOLVE's actions in suing Plaintiff constitutes "debt collection" as defined by

Cal. Civ. Code § 1788.2(b).

145.   Defendants violated the RFDCPA with respect to CABELLO and the Default

Motion Subclass members.

146.   Such RFDCPA violations with respect to *Exhibit A* includes, but is not limited to:

146.01.   Using any communication with a debtor in the name of an attorney or

counselor at law or upon stationery or like written instruments bearing

the name of the attorney or counselor at law, unless such communication is by an attorney or counselor at law or shall have been approved or authorized by such attorney or counselor at law, in violation of Cal. Civ. Code § 1788.13(c);

146.02. Making false representations that the consumer's debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, in violation of Cal. Civ. Code § 1788.13(e);

146.03. Making false representations regarding the true nature of the business or services being rendered by the debt collector, in violation of Cal. Civ. Code § 1788.13(f); and

146.04. Making false representations of the true nature of the business or services being rendered by the debt collector, Cal. Civ. Code § 1788.13(i);

146.05. Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law, in violation of Cal. Civ. Code § 1788.14(b);

146.06. Communicating with the debtor with regard to a consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and

address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, in violation of Cal. Civ. Code § 1788.14(c);

146.07. Sending a communication which gives the appearance of being authorized, issued, or approved by an attorney when it is not, in violation of Cal. Civ. Code § 1788.16; and

146.08. Failing to comply with the provisions of 15 U.S.C. §§ 1692e, 1692f, and 1692g as set alleged above, in violation of Cal. Civ. Code § 1788.17.

147. Defendants violated the RFDCPA with respect to CABELLO and the Default Motion Subclass members.

148. Such RFDCPA violations with respect to **_Exhibit C_** includes, but is not limited to:

148.01. Using any communication with a debtor in the name of an attorney or counselor at law or upon stationery or like written instruments bearing the name of the attorney or counselor at law, unless such communication is by an attorney or counselor at law or shall have been approved or authorized by such attorney or counselor at law, in violation of Cal. Civ. Code § 1788.13(c);

148.02. Making false representations that the consumer's debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, in violation of Cal. Civ. Code § 1788.13(e);

148.03. Making false representations regarding the true nature of the business or services being rendered by the debt collector, in violation of Cal. Civ.

Code § 1788.13(f); and

148.04. Making false representations of the true nature of the business or services being rendered by the debt collector, Cal. Civ. Code § 1788.13(i);

148.05. Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law, in violation of Cal. Civ. Code § 1788.14(b);

148.06. Communicating with the debtor with regard to a consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, in violation of Cal. Civ. Code § 1788.14(c);

148.07. Sending a communication which gives the appearance of being authorized, issued, or approved by an attorney when it is not, in violation of Cal. Civ. Code § 1788.16; and

148.08. Failing to comply with the provisions of 15 U.S.C. §§ 1692e, 1692f, and 1692g as set alleged above, in violation of Cal. Civ. Code § 1788.17.

149. The Defendants' illegal conduct invaded CABELLO's rights which are protected by the FDCPA, the invasion of which caused her injury-in-fact.

## IX.    COUNT FOUR: VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

150.    The Factual Allegations are incorporated by reference.

151.    PERSOLVE's illegal conduct complained of herein including, but not limited to, its instructions and control over its employees to violate the FDCPA, RFDCPA, and TDCPA emanated from California where it is headquartered, has offices, and does substantial business.

152.    PERSOLVE committed acts of unfair competition as defined by the UCL and as alleged in the preceding paragraphs and, by engaging in the acts, practices, and omissions described herein, PERSOLVE committed unlawful, unfair, and fraudulent business acts and practices within the meaning of the UCL.

153.    Plaintiff, and the putative class members she seeks to represent, have suffered harm and lost money a proximate result of PERSOLVE's unlawful and continuing efforts to sue Texas consumers using non-lawyers, and by collecting attorney's fees and other amounts to which it has no lawful right to recover.

154.    PERSOLVE's business acts and practices complained of herein are likely to deceive, and did deceive, the Plaintiff and putative class members and consequently constitute "fraudulent" acts and practices within the meaning of the UCL.

155.    PERSOLVE's acts and practices, as alleged herein, also violate the FDCPA, RFDCPA, and TDCA and, therefore, constitute unlawful acts and practices within the meaning of the UCL.

156.    PERSOLVE's conduct, as alleged herein, violate the policy and spirit of the FDCPA, RFDCPA, and TDCA, and other consumer protection laws and otherwise significantly harm consumers. Furthermore, PERSOLVE's acts and practices are unethical, oppressive, unscrupulous, and substantially injurious to consumers.

157.    The harm to CABELLO, and members of the general public, substantially

outweighs any benefits of PERSOLVE's wrongful conduct. Consequently, PERSOLVE's acts and practices constitute "unfair" business acts and practices within the meaning of the UCL.

158.    As a result of PERSOLVE's conduct, the CABELLO been harmed as alleged herein. As such, CABELLO seeks restitution and/or disgorgement and any further relief this Court deems just and proper.

## X.    PRAYER FOR RELIEF.

159.    WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants, jointly and severally, as follows:

### A.    *With respect to Count One:*

159.01.    Certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23 including defining the Classes, Subclasses and Class claims, and appointing Plaintiff to represent the Classes and her attorneys as Class counsel;

159.02.    Awarding Plaintiff and Subclass members such actual damages as may be proven under 15 U.S.C. § 1692k(a)(1)

159.03.    Awarding Plaintiff statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

159.04.    Awarding Subclass members statutory damages under 15 U.S.C. § 1692k(a)(2)(B)(ii);

159.05.    Awarding Plaintiff an incentive payment for her services to the Subclasses in an amount the Court determines after judgment is entered in favor of the Classes;

159.06.    Adjudging this action is a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including

litigation expenses;

159.07.  Awarding costs of suit as allowed by law; and

159.08.  For such other and further relief the Court determines is just and proper.

**B.**   ***With respect to Count Two:***

159.09.  Certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23 including defining the Classes and Class claims, and appointing Plaintiff to represent the Classes and her attorneys as Class counsel;

159.10.  Awarding injunctive relief under Tex. Fin. Code § 392.403(a)(1) to restrain Defendants' further violations of Chapter 392 of the Texas Finance Code;

159.11.  Awarding such actual damages as may be proven to Plaintiff and members of the Classes under Tex. Fin. Code § 392.403(a)(2)

159.12.  An Order directing USFICO to issue payment on the bond it issued PERSOLVE in favor of Plaintiff and the Classes in an amount to be determined at trial, but not to exceed $10,000.00;

159.13.  Awarding Plaintiff an incentive payment for her services to the Classes in an amount the Court determines after judgment is entered in favor of the Classes;

159.14.  Adjudging Plaintiff successfully maintained an action under Tex. Fin. Code § 392.403(a), and awarding reasonable attorney's fees and costs under Tex. Fin. Code § 392.403(b);

159.15.  Awarding costs of suit as allowed by law; and

159.16.  For such other and further relief the Court determines is just and proper.

### C.    With respect to Count Three:

159.17.    Certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23 including defining the Classes, Subclasses and Class claims, and appointing Plaintiff to represent the Classes and her attorneys as Class counsel;

159.18.    Awarding Plaintiff statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

159.19.    Awarding Subclass members statutory damages under 15 U.S.C. § 1692k(a)(2)(B)(ii);

159.20.    Awarding Plaintiff an incentive payment for her services to the Class in an amount the Court determines after judgment is entered in favor of the Class;

159.21.    Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

159.22.    Awarding costs of suit as allowed by law; and

159.23.    For such other and further relief the Court determines is just and proper.

### D.    With respect to Count Four:

159.24.    Certify the Classes as requested herein;

159.25.    Appoint Plaintiff to serve as the Class Representative for the Classes;

159.26.    Appoint Plaintiff's counsel as Counsel for the Classes;

159.27.    Awarding Plaintiff and the Classes restitution, damages (including statutory and punitive damages as applicable), and disgorgement in amounts according to proof at trial, including an award of pre- and post-

judgment interest, to the extent allowable;

159.28.  Awarding Plaintiff's reasonable attorneys' fees under Cal. Code Civ. Proc. § 1021.5;

159.29.  Awarding Plaintiff's costs;

159.30.  Injunctive relief prohibiting Defendants from committing further UCL violations; and

159.31.  For such other and further relief the Court deems just and proper.

## XI.  JURY DEMAND.

160.  Demand is hereby made for trial by jury.

Dated: December 27, 2021                    Respectfully submitted,

 *s/ Andrew T. Thomasson*
Andrew T. Thomasson (NJ Bar No. 048362011)
Francis R. Greene (IL Bar No. 6272313)
   THOMASSON PLLC
16500 San Pedro Avenue, Suite 215
San Antonio, TX 78232
Telephone: (973) 312-0774
Facsimile:  (973) 559-5779
E-Mail: Andrew@Thomassonpllc.com
E-Mail: Andrew@Thomassonpllc.com

*Attorneys for Plaintiff, Mayra Cabello*